IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CV-00038-BR

| | |
|---|---|
| CARLOS A. ALFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| W. DEAN PFEIFFER, ) | |
| *Chairman Board of Corrections*, ) | |
| *Department of Navy*, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the pro se Plaintiff's motion for appointment of counsel and a guardian ad litem [DE-9]. After careful consideration of Plaintiff's requests, the Court finds that appointment of counsel and a guardian ad litem are not appropriate at this time.

A. Appointment of Counsel

Plaintiff first requested that his case be submitted to the "Pro Bono Panel." Pl.'s Mot. [DE-9]. This Court does not maintain a Pro Bono Panel. Therefore, the Court will treat Plaintiff's request as one for appointment of counsel. "[T]here is no absolute right to appointment of counsel; a plaintiff must present 'exceptional circumstances.' Exceptional circumstances exist where 'a pro se litigant has a colorable claim but lacks the capacity to present it.'" *Hall v. Holsmith*, No. 09-6288, 2009 WL 2171242, *1 (4th Cir. July 21, 2009) (citations omitted). The Court acknowledges Plaintiff's alleged disabilities. However, based on Plaintiff's filings in this case, and in prior pro se litigation before this Court, Plaintiff appears capable of adequately presenting his claim. *See Alford v. Knight*, No. 7:09-cv-170-BO (E.D.N.C. Oct. 23, 2009); *Alford v. Thacker*, No. 7:09-cv-56-BO (E.D.N.C. Mar. 31, 2009). Furthermore, the Court finds

that the claim asserted by Plaintiff is not so complex as to necessitate the appointment of counsel. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

### B. Appointment of Guardian Ad Litem

Plaintiff next requested that he be appointed a guardian ad litem because he is "disabled" and suffers from "Paranoia Schizophrenia, Major Depression, and PTSD." Pl.'s Mot. [DE-9]. "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). The relevant inquiry, as explained by the Fourth Circuit, is whether the "mental deficiency which-whether or not accompanied by other forms of personality disorder- affects the person's practical ability to 'manage his or her own affairs.'" *Hudnall v. Sellner*, 800 F.2d 377, 385 (4th Cir. 1986). This is also the standard in North Carolina. *See* N.C. Gen. Stat. § 35A-1101(7) (defining "incompetent adult" as one who "lacks sufficient capacity to manage the adult's own affairs or to make or communicate important decisions concerning the adult's person . . . ."). The Fourth Circuit has alternatively stated the test for appointment of a guardian ad litem to a pro se plaintiff as whether the individual is "capable of representing himself." *Matchem v. Frank*, 998 F.2d 1009, 1993 WL 264691, at *2 (July 15, 1993).

The Court first notes that Plaintiff has presented no evidence that he has been adjudicated incompetent by any court. Next, Plaintiff has presented no evidence that his alleged conditions affect his ability to manage his affairs or to make or communicate his own decisions. *See Hudnall*, 800 F.2d 377 at 385 ("Certainly the rule contemplates by 'incompetence' something other than . . . even various forms of the more common personality disorders. . . . In common experience, there is of course no necessary relationship between 'mental incompetence' in this special sense and various forms of mental derangement or personality disorder that may cause

2

utterly bizarre and destructive conduct in litigation as in other realms.") The fact that Plaintiff may suffer from paranoid schizophrenia, depression, and post traumatic stress disorder does not necessarily preclude him from managing his affairs and making appropriate decisions for himself. Importantly, as stated above with respect to Plaintiff's request for appointment of an attorney, Plaintiff's filings in this and in other cases indicate that he is capable of representing himself in this case. Accordingly, Plaintiff's request for appointment of a guardian ad litem is **DENIED**.

This the 12th day of April, 2011.

DAVID W. DANIEL
United States Magistrate Judge